UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 06-269 |
| TONY JONES | SECTION I |

### ORDER AND REASONS

Before this Court is the motion[1] of defendant, Tony Jones ("Jones"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Jones's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

*BACKGROUND*

On November 3, 2006, Jones was charged by way of a superseding indictment with four counts of violating various narcotics and firearms offenses.[2] On September 20, 2007, Jones entered a plea of guilty to counts 1 and 2 of the superseding indictment.[3] On the same date, Jones entered into a plea agreement with the government and signed a factual basis admitting his guilt.[4]

On January 31, 2008 the Court sentenced Jones to 240 months imprisonment.[5] The Court noted that the factual basis and the superseding bill of information stated that Jones was

---

[1] R. Doc. No. 417.
[2] R. Doc. No. 12.
[3] Count 1 charged Jones with conspiring to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride, a quantity of heroin and a quantity of marijuana in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 841(b)(1)(D); all in violation of Title 21, United States Code Section 846. Count 2 charged Jones with conspiring to use and carry firearms, and possess firearms in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(o). *Id.*
[4] R. Doc. Nos. 283,284. In the plea agreement, Jones agreed to waive both his appellate and post-conviction rights, but the government has advised the Court that it will not seek to enforce the waiver as it relates to the issue of sentencing enhancement pursuant to Title 21, United States Code, Section 851. R. Doc. No. 422.
[5] R. Doc. No. 322.

1

convicted in state court on March 7, 2003, for possession of heroin.[6] Pursuant to Title 21, United States Code Section 841(b)(1)(A), the prior felony conviction for a narcotics-related offense subjected Jones to a mandatory minimum sentence of 240 months.

At sentencing, Jones objected to the imposition of a 20-year mandatory minimum sentence.[7] Jones argued that the conduct described in the superseding bill of information was part and parcel of the conspiratorial offense conduct and that it should not have been used to enhance his sentence.[8] The Court overruled Jones's objection and found that "[i]n light of the fact that he continued to participate in the criminal conspiracy charge in this case after his conviction in state court, his March 7th, 2003 conviction[] constitutes [a] distinct criminal episode[] sufficient to trigger a sentence enhancement."[9]

Jones then filed a timely notice of appeal.[10] In his appeal to the United States Fifth Circuit Court of Appeals, Jones asserted that his sentence was improperly enhanced pursuant to Title 21, United States Code, Section 841(b)(1)(A).[11] Jones argued that because he was convicted of the state felony drug offense during the time period of the conspiracy alleged in the federal indictment, the state felony drug conviction could not have been a "prior conviction" for purposes of § 841(b)(1)(A).[12] The Fifth Circuit affirmed the conviction and sentence, stating that "[t]he sentence enhancement was proper because Jones's 2003 state felony drug conviction was

---

[6] R. Doc. No. 344, p.8.
[7] *Id.*
[8] *Id.*
[9] *Id.* (citing *U.S. v. Lino*, 493 F.3d 41, 43-44 (1st Cir. 2007); *U.S. v. Wheelock*, 1994 WL 171737 *3, (5th Cir. 1994; *U.S. v. Brown*, 29 F.3d 953, 957 (5th Cir. 1994)).
[10] R. Doc. No. 325.
[11] R. Doc. No. 397.
[12] *Id.*

2

final well before the 2006 end of the conspiracy as alleged in the federal indictment."[13] On November 3, 2009, the United States Supreme Court denied a writ of certiorari.[14]

On October 25, 2010, Jones filed this timely motion to vacate pursuant to 28 U.S.C. § 2255 alleging: (1) that the Court erred in improperly enhancing his sentence using a prior state court drug conviction and (2) that his counsel was ineffective for failing to argue that the predicate drug felony could not be used as an enhancement since it was an overt act of the conspiracy, not just another crime that took place during the period of the conspiracy.[15] The government has responded to the motion.[16]

## *LAW AND ANALYSIS*

### I. OVERVIEW OF § 2255

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2008); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction...." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274, 96 L. Ed. 232 (1952). If the court determines that the prisoner is entitled to relief "[it]

---

[13] *Id.*
[14] R. Doc. No. 411.
[15] R. Doc. No. 417.
[16] R. Doc. No. 421.

3

shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (*citing Andrews v. United States*, 373 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

## II. IMPROPER ENHANCEMENT

Jones argues that the Court erred by enhancing his sentence pursuant to § 841(b)(1)(A)[17] to a mandatory minimum of 20 years in prison based on a prior felony drug conviction from state court that was referred to as an overt act of the federal conspiracy. However, the issue of whether Jones's prior state court conviction constituted a proper "prior conviction" enhancement for purposes of § 841(b)(1)(A) has been addressed both by this Court at sentencing and by the Fifth Circuit on direct appeal.[18] "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *U.S. v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Furthermore, Jones may not avoid this prohibition by further amplifying his failed argument. *See U.S. v. Greer*, 600 F.2d 468, 469 (5th Cir. 1979) ("The contentions made by the present petition are simply further amplification of the

---

[17] In his petition, Jones refers to his enhancement as a "§ 851 enhancement." R. Doc. No. 417, p.7. Section 851 sets forth the specific proceedings by which the government establishes the existence of prior convictions whereas § 841(b)(1)(A) sets forth the penalties for a defendant with a prior conviction for a felony drug offense that has become final. *See* 21 U.S.C. §§ 841(b)(1)(A); 851. Since Jones was sentenced pursuant to § 841(b)(1)(A), the Court interprets petitioner's references to the "§ 851 enhancement" as the enhancement set forth in § 841(b)(1)(A).
[18] *See* R. Doc. No. 344; R. Doc. No. 397 ("The issue for appeal is whether the conviction constitutes a 'prior conviction' for purposes of § 841 (b)(1)(A).").

4

same argument made and decided adversely to Greer in his merits appeal.  The district court did not err in dismissing the present petition.").

      Even if the Court were to interpret Jones's latest iteration of the same claim as an issue distinct from the one originally raised on appeal and resolved by the Fifth Circuit, Jones is still not entitled to relief.  Collateral review is fundamentally different from and may not replace a direct appeal.  *U.S. v. Frady*, 456 U.S. 152, 164-65 (1982); *U.S. v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991).  "Allegations of error which are not of constitutional or jurisdictional magnitude which could have been raised on direct appeal may not be asserted on collateral review in a § 2255 motion." *U.S. v. Garcia*, 68 F.3d 466, 1995 WL 581534 *2 (5th Cir. 1995).  Constitutional or jurisdictional errors will be considered only if they could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *Shaid*, 937 F.2d at 232 n.7.  Moreover, a defendant may not raise such issues for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Id.* at 232.

      In his petition, Jones alleges that this Court and the Fifth Circuit committed constitutional error and violated his rights under the due process clause in failing to rule that the predicate drug felony conviction could not be used as an enhancement since it was an overt act of the conspiracy.  Even assuming Jones's allegation of ineffective assistance of counsel suffices to show "cause" for his failure to raise this argument before the Fifth Circuit, Jones still has made no showing that "actual prejudice" resulted from the error.  Both this Court and the Fifth Circuit considered whether the 2003 state court conviction was a prior conviction for purposes of § 841(b)(1)(A) and both courts ruled that application of the sentencing enhancement was proper.

Jones has made no showing of how the fact that his latest argument was not raised in his direct appeal resulted in any prejudice.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Jones alleges that he received ineffective assistance of counsel because his attorney failed to argue that a predicate drug felony could not be used as an enhancement since it was an overt act of the conspiracy.  To obtain section 2255 relief based on a claim of ineffective assistance of counsel, a petitioner must show not only that his attorney's performance was deficient, but also that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to demonstrate such a deficiency, the petitioner must prove that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688.  To prove that the deficiency prejudiced the defense, the petitioner must demonstrate a "reasonable probability" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

For the reasons set forth in the preceding section, Jones cannot show that the result of the sentencing would have been different had his counsel made the arguments he now asserts.  Both this Court and the Fifth Circuit found that application of the sentencing enhancement was proper.  The failure of Jones's counsel to obtain the relief Jones desired on direct appeal does not entitle Jones to a claim for ineffective assistance of counsel.  *See U.S. v. Ancira*, 83 F.3d 419, 1996 WL 197558 *3 (5th Cir. Mar. 25, 1996) (denying petitioner's claim for ineffective assistance of counsel because "[i]t is well-settled that an issue which has been raised and ruled upon adversely to a defendant on direct appeal may not be relitigated in the context of a section 2255 motion.").  Since Jones is unable to show how any alleged deficiency in his counsel's performance

prejudiced him and that counsel's performance fell below an objective standard of reasonableness, Jones has failed to demonstrate that he received ineffective assistance of counsel.

Accordingly,

**IT IS ORDERED** that Jones's motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and that Jones's petition is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, February 9, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**